UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

CHARLES I EVANS f/k/a CHARLES I. GRIFFIN,

   Plaintiff,

v.

SYNENBERG & ASSOCIATES, LLC,

   Defendant.

Case No. 1:20-cv-00350

## COMPLAINT

NOW COMES, CHARLES I EVANS f/k/a CHARLES I. GRIFFIN, through undersigned counsel, complaining of SYNENBERG & ASSOCIATES, LLC as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. CHARLES I EVANS f/k/a CHARLES I. GRIFFIN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Ravenna, Ohio.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. SYNENBERG & ASSOCIATES, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Ohio.

1

7. Defendant has a principal place of business at 55 Public Square, Suite 1331, Cleveland, Ohio 44113.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On December 23, 2010, Plaintiff enrolled in courses at The University of Akron (the "University") for the Spring 2011 semester.

11. Plaintiff obtained financial aid for his education.

12. Plaintiff received $12,005.40 for the Spring 2011 semester.

13. On January 4, 2011, these funds were applied to Plaintiff's account as follows:

| | |
|---|---|
| Subsidized Loan | -$1,742.00 |
| Unsubsidized | -$2,985.00 |
| OCOG | -$444.00 |
| FEDERAL PELL GRANT | -$2,775.00 |

14. Plaintiff received the remaining $4,059.40.

15. Plaintiff withdrew from the University.

16. As result, the University was required to return a portion – $4,485.00 – of Plaintiff's financial aid.

17. The Ohio Attorney General's Office has the authority by law to collect debt owed to the state.

18. The Collections Enforcement Section is responsible for collecting outstanding debt owed to the State of Ohio for state agencies, institutions, boards, commissions, public university and hospitals, and local government entities.

19. On May 10, 2019, the Ohio Attorney General's Office received Plaintiff's account for collection.

20. Plaintiff's account is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. On May 23, 2019, the Ohio Attorney General's Office applied $607.50 to Plaintiff's account – resulting in a $3,877.50 balance.

22. Soon thereafter, Plaintiff started to receive phone calls from Defendant.

23. Plaintiff answered.

24. Defendant's representative, Bernice, demanded immediate payment.

25. Bernice ***did not*** inform Plaintiff that "[Defendant] is attempting to collect a debt and that any information obtained will be used for that purpose."

26. Bernice ***did not*** inform Plaintiff that "[t]his communication is from a debt collector."

27. On January 29, 2020, Defendant mailed Plaintiff a "Fair Debt Collection Notice" (the "Notice").

28. The Notice stated:

> Re: Our Client: University of Akron
> Acct No.: 10323215
> Current Balance: $6,853.08 (*interest continues to accrue*)
>
> ### *FAIR DEBT COLLECTION NOTICE*
>
> Dear Mr. Griffin:

> **This communication is from a debt collector and this is an attempt to collect a debt and any information obtained will be used for that purpose.**
>
> This office previously notified you of the above-referenced account. It is your legal responsibility under Ohio law to pay this debt. Be advised that unless this account is paid in full or other payment arrangements are made within ten days of your receipt of this letter, our office will file suit in the Akron Municipal Court. A copy of our proposed complaint is enclosed with this letter.
>
> You are urged to contact this office immediately to make arrangements for payment of this legal obligation.
>
>                               Very truly yours,
>
>                               Eric Synenberg
>                               Synenberg & Associates, LLC
>                               Special Counsel to the
>                               Ohio Attorney General

29. Defendant's proposed complaint provided:

> 4. Defendant is indebted to the Plaintiff on an account for educational and other services in the sum of $4,485.00. See statement attached as **Exhibit A**.

30. However, Exhibit A indicated Plaintiff's account balance as of January 2, 2020 to be $3,877.50.

31. The Notice is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The Notice conveyed information regarding Plaintiff's account.

33. The Notice caused Plaintiff confusion by claiming differing balances owed on Plaintiff's account.

34. Concerned with having had his rights violated, Plaintiffs sought counsel to ensure that Defendant's unlawful collection practices stopped.

35. Accordingly, Plaintiffs is forced to expend energy and time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

37. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

   (A) the character, amount, or legal status of any debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

38. Stating an incorrect amount of the debt undeniably violates section 1692e(2)(A). *See McDermott v. Marcus, Errico, Emmer & Brooks, P.C.,* 911 F. Supp. 2d 1, 59 (D. Mass. 2012) (citing *Hepsen v. Resurgent Capital Services, LP*, 383 Fed. Appx. 877, 2010 WL 2490734, at *3 (11th Cir. 2010)).

39. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by claiming Plaintiff owed $4,485.00 when he owed $3,877.50.

40. As plead above, Plaintiff did not owe $4,485.00 as of January 2, 2020 according to Defendant's proposed complaint exhibits.

41. Defendant further violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by claiming different balances - $6,853.08, $4,485.00 and $3,877.50 – creating confusion.

42. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose that "[Defendant] is attempting to collect a debt and that any information obtained will be used for that purpose."

43. Alternatively, Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose that "[t]his communication is from a debt collector."

44. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and e(11) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2) 

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692e(2)(A);

B. a finding that Defendant violated 15 U.S.C. § 1692e(10);

C. a finding that Defendant violated 15 U.S.C. § 1692e(11);

D. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

E. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

F. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

G. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 17, 2020

Respectfully submitted,

**CHARLES I EVANS f/k/a CHARLES I. GRIFFIN**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com